IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICK TERRY,

    Plaintiff,                   No. CIV S-10-1842 GGH P

    vs.

MATTHEW CATE, et al.,

    Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. Docket # 9, filed on August 12, 2010.

        By order filed on August 3, 2010, plaintiff was directed to file an in forma pauperis affidavit or pay the required $350.00 filing fee within thirty days, citing 28 U.S.C. §§ 1914(a), 1915(a). Court records indicate that plaintiff paid the filing fee in full on August 10, 2010.

        Although plaintiff has paid the filing fee in full, the court will afford plaintiff an opportunity to file an in forma pauperis affidavit showing that he may be entitled to in forma pauperis status. Should plaintiff be found to qualify to proceed in forma pauperis, he would not

1

be assessed any further filing fee as that has been paid in full, but the court would be able to direct the U.S. Marshal to serve the amended complaint (see below), rather than requiring plaintiff to do so, should plaintiff file an amended complaint setting forth colorable allegations.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content

/////

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff names in the caption of his complaint the following as defendants: Matthew Cate, Director [Secretary] of the California Department of Corrections and Rehabilitation (CDCR); High Desert State Prison (HDSP) Warden McDonald, HDSP Correctional Sergeant Kelly (retired); and HDSP Correctional Officer (C/O) Sharp. Complaint, p. 1. However, that is the first and last reference made within his complaint to these individuals. Plaintiff strings together a litany of allegations, claiming that CDCR is housing plaintiff and other disabled inmates in unsafe living conditions by placing them in yards with the most violent inmates. Id., at 1. He also alleges, in a sweeping and very generalized manner, that CDCR is discriminating against disabled inmates, including himself, by denying them the same services, activities, job, yard and dayroom time they had before becoming disabled. Id.

Plaintiff alleges that unnamed C/O's harass and discriminate against him by refusing to allow him meals when he has to have medical treatments, refusing to issue him a cup or spoon. Complaint, p. 2. Plaintiff complains that unnamed officers have told him, because he wears a yellow vest, indicating he is disabled, that they have to get him out of their building. Id. He claims that he was refused toilet paper and soap for several hours upon his arrival after a long bus ride and further twelve-hour wait in R&R. Id. He also alleges that he was refused laundry bags while housed in Building 6 and refused blankets for fourteen days, when some nights were very cold. Id. He claims that his property is lost or damaged whenever he goes to the hospital, that his quarterly packages are delayed and sent back, that art supplies he donated to a recreation

1  therapy program at the prison hospital have been withheld from the program, that he and other
2  disabled inmates are harassed with "ignorant comments" by unnamed C/O's when they go for
3  medical treatments. Id.

4        Plaintiff claims that he has been refused law library access for several months,
5  that whites and Mexicans have been on lockdown since July 2009, and he has not had visits,
6  access to canteen, or any yard time for a year. Complaint, p. 3. He complains further that he is
7  harassed by CDCR in the form of his legal notes having been confiscated, by their losing his
8  prescription glasses and family photographs, by their delaying his mail. Id. Plaintiff seeks
9  money damages and injunctive relief. Id., at 3-4.

10        At the most basic level, plaintiff has filed a complaint that does not conform with
11  the requirements of Fed. R. Civ. P. 8(a)(2), inasmuch as plaintiff fails to provide, "a short and
12  plain statement of the claim showing that the pleader is entitled to relief...." Nor does he provide
13  "sufficient allegations to put defendants fairly on notice of the claims against them," as required
14  by Rule 8. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v.
15  Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and
16  scanty allegations fails to satisfy the notice requirement of Rule 8.)  In asserting multiple
17  unrelated claims against defendants whom he has not even clearly identified, plaintiff presents
18  the kind of "mishmash of a complaint" that has been roundly repudiated. George v. Smith, 507
19  F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different
20  suits").

21        Plaintiff fails to link any named individual defendant to any of the allegations he
22  makes. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

26  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

4

1  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
2  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
3  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
4  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or
5  omits to perform an act which he is legally required to do that causes the deprivation of which
6  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  As to any claims for money damages, plaintiff claims link no individual defendant to any alleged deprivation of his constitutional rights and must be dismissed, but plaintiff will be granted leave to amend.

       As to any claims for injunctive relief, just as it is not necessary to allege Monell[1] policy grounds when suing a state or municipal official in his or her official capacity for injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant.  All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued. Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F.

---

[1] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978). See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit. However, because a suit against an official in his or her official capacity is a suit against the state, a practice, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief. Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991). Plaintiff has not plainly set forth a practice or policy of the state which he claims to be unconstitutional. Therefore, any claims for injunctive relief will be dismissed, but plaintiff will be granted leave to amend.

Plaintiff's claims of harassment and discrimination lack sufficient specificity and do not appear on the face of it to rise to the level of a constitutional deprivation. "'Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.'" Somers v. Thurman, 109 F.3d 614, 623 (1997), quoting Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 1000 (1992) (omitting internal quotations and citations).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994).

However, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. at 832,

114 S. Ct. 1970; Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982) ("[A]n institution's obligation under the eighth amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety" [internal quotations omitted]).   When an inmate has been deprived of necessities, "the circumstances, nature and duration of a deprivation...must be considered in determining whether a constitutional violation has occurred." Johnson, supra, at 731.  "'[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.'" Id., quoting Anderson v. County of Kern, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir. 1995).  Under the Eighth Amendment, "[c]onditions must not involve the wanton and unnecessary infliction of pain...." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981).  Plaintiff allegations do not plainly rise to the level of an Eighth Amendment violation, and, in any event, fail to link any individual defendant to his claims.  With regard to his claims relating to comments made by correctional officers, plaintiff is informed that even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Plaintiff's complaint will be dismissed but plaintiff will be granted leave to amend.

To the extent that he seeks to make allegations against CDCR based on the Americans with Disabilities Act, he must make plain that he intends to name CDCR as a defendant pursuant to Title II of the ADA.  Plaintiff may bring a claim under Title II of the ADA against state entities for injunctive relief and damages.  See Phiffer v. Columbia River Correctional Institute, 384 F.3d 791 (9th Cir. 2004); Lovell v. Chandler, 303 F.3d 1039 (9th Cir. 2002).  However, he cannot seek damages pursuant to the ADA against the defendants in their individual capacities.  Eason v. Clark County School Dist., 303 F.3d 1137, 1144 (9th Cir. 2002), citing Garcia v. S.U.N.Y. Health, 280 F.3d 98, 107 (2d Cir. 2001).  To the extent he intends to make claims of violations of the ADA against any individual defendant, such claims may proceed only to the extent that plaintiff seeks injunctive relief and has sued such individual

defendant in an official capacity. Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003); Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

Moreover, Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of a disability. 42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997). To state a claim under Title II, the plaintiff must allege four elements: 1) the plaintiff is an individual with a disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; 3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and 4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. Weinrich, 114 F.3d at 978.

Assuming plaintiff is ADA-qualified, he is also reminded that a plaintiff who is a member of a class action suit for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief within the same subject matter of the class action. Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988); McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir.1991). It may be that plaintiff's request for injunctive relief is encompassed by and barred as a result of the consent decree and permanent injunction in Armstrong v. Schwarzenegger, CIV C-94-2307 CW. See Crayton v. Terhune, No. 98-4386 2002 WL 31093590, at *4 (N.D.Cal. Sept. 17, 2002) (in turn, citing Armstrong, supra, No. CV 94-2307 CW (N.D. Cal.)).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore,

vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff has paid the filing fee in full but he will be permitted to submit an in forma pauperis affidavit, within twenty-eight days, for the court to determine whether he qualifies for in forma pauperis status; whether plaintiff may ultimately proceed in forma pauperis or not, no further filing fee will be assessed.

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to

1  file an amended complaint will result in a recommendation that the action be dismissed.

2        4. Plaintiff's July 15, 2010 (docket # 2), request for the appointment of counsel is

3  denied.

4  DATED: September 1, 2010

          /s/ Gregory G. Hollows

          ────────────────────────
          GREGORY G. HOLLOWS
          UNITED STATES MAGISTRATE JUDGE

GGH:009
terr1842.b