```
 1
 2
 3
 4
 5
 6
 7
 8                      IN THE UNITED STATES DISTRICT COURT
 9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10  NICK TERRY,
11           Plaintiff,                  No. CIV S-10-1842 GGH P
12       vs.
13  MATTHEW CATE, et al.,
14           Defendants.                 ORDER
15  _____/
```

16       Plaintiff has filed his third request for an extension of time to file an application to
17 proceed in forma pauperis pursuant to the court's order of September 1, 2010, dismissing his
18 original complaint with leave to amend within twenty-eight days. Plaintiff has consented to the
19 jurisdiction of the undersigned. See Docket # 9, filed on August 12, 2010. In an order, filed on
20 October 4, 2010, plaintiff was granted an extension of time until October 30, 2010, to file an
21 amended complaint; however, in that order, plaintiff was also informed that an amended
22 complaint that had been filed on September 2, 2010 (before plaintiff would have had an
23 opportunity to receive the screening order for the original complaint) would be screened if
24 plaintiff did not supersede it with a subsequent amended complaint. Plaintiff has also been
25 afforded the opportunity to try to qualify for in forma pauperis status with no further fee
26 assessment even though he has paid the filing fee in full, but has failed to do so. He indicates in

1

his filing of November 24, 2010, that he did not file an in forma pauperis affidavit because he receives a retirement check of $227.00 monthly and has about $2000.00 saved so he did not believe he could qualify for in forma pauperis status. Plaintiff is correct; therefore, plaintiff will not be granted any further extension of time to file an in forma pauperis affidavit not only because he has been cautioned that there would be no further extension of time for that purpose but also based on his representation that he could not qualify for such status.

Even though the court had cautioned plaintiff in the October 4, 2010 order that he would be granted no further extension of time to file either an amended complaint or an in forma pauperis affidavit, the court, by order filed on November 10, 2010, did order a short additional extension of time, until November 15, 2010, to file an amended complaint because he maintained that he had become very ill, had been helicoptered to a hospital in Reno, Nevada on October 10, 2010, and returned on October 18, 2010. He also stated that as of October 20, 2010, although he had completed the amended complaint, the law library had been unresponsive to his requests for copies to be mailed to the court.

However, the November 10, 2010 order was filed just after plaintiff's second amended complaint was docketed on November 8, 2010. In his November 24, 2010, request, plaintiff asks for a third extension of time because he has once again been admitted as a long term patient at the C.T.C. (Correctional Treatment Center), the prison hospital at High Desert State Prison. Plaintiff states that he has been told he is too ill and frail to be housed on the prison yard any longer. Plaintiff states that he needs, as a result of this placement, time to acquire writing material and other personal property which he says has taken some ninety-nine days in the past and required him to file a 602 appeal. He asks the court to require that C.T.C. staff to have his property delivered by December 8, 2010. However, as plaintiff has filed a second amended complaint, which supersedes his first amended complaint, the undersigned sees no need for any further extension of time for plaintiff to file an amended complaint and, as noted above, there is no further need for plaintiff to file an in forma pauperis affidavit. Thus, plaintiff has not set forth

a basis for requiring expedited access to his personal property for the purpose of responding to court orders at this time. However, should he be deprived of supplies necessary to proceed in this action for an extended period, plaintiff may submit an affidavit providing information as to what he is being denied, for how long and by whom.

By a separately filed order, the court has found plaintiff's claims against several defendants appropriate for service. However, as to the California Department of Corrections and Rehabilitation, plaintiff fails to state a claim. Plaintiff expressly sues under 42 U.S.C. § 1983 and does not purport to sue under the Americans With Disabilities Act (ADA).[1] The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the CDCR are frivolous and must be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 24, 2010 (docket # 17) motion for an extension of time to file an amended complaint and/or an in forma pauperis affidavit is denied as moot;

2. Plaintiff's November 24, 2010 (docket # 17) request for the court to order C.T.C. staff to provide him with his personal property, including writing material, is denied without prejudice; and

3. The CDCR is dismissed from this action as a defendant.

DATED: February 1, 2011                     /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
terr1842.dny

---

[1] Plaintiff was previously informed by Order, filed on September 1, 2010, of the requirements, inter alia, for bringing a claim under the ADA.

3