IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICK TERRY,

       Plaintiff,                       No. CIV S-10-1842 GGH P

     vs.

MATTHEW CATE, et al.,

       Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. By order, filed on February 2, 2011 (docket # 19), plaintiff was directed to complete service of process of his second amended complaint within sixty days in accordance with Fed. R. Civ. P. 4.[1] Docket # 19. In the order, plaintiff was informed that he was responsible for service of process and was cautioned that this action might be dismissed if service of process were not accomplished within

---

[1] Although plaintiff paid the filing fee in full, he was provided ample opportunity to file an in forma pauperis affidavit to determine if he might qualify for in forma pauperis status (see 28 U.S.C. §§ 1914(a), 1915(a)) so that he would not be responsible for service of process. See orders, filed on August 3, 2010, September 1, 2010, October 4, 2010, and on November 10, 2010. Plaintiff ultimately indicated that he could not qualify for in forma pauperis due to the amount of his financial resources. See orders, filed on February 2, 2011 (docket # 18 & # 19), referencing docket # 17.

1

1  one hundred and twenty (120) days from the date the complaint was filed.  <u>See</u> Fed. R. Civ. P.
2  4(m).  Plaintiff and defendants were further directed that they must submit a status report within
3  120 days from the date of the February 1, 2011, order.  The time for submitting the parties' status
4  reports has long expired.  Moreover, there is nothing in the docket to indicate that any defendant
5  has ever been served.
6         Accordingly, IT IS ORDERED that plaintiff must show cause within fourteen
7  days why all defendants should not be dismissed pursuant to Fed. R. Civ. P. 4(m), or,
8  alternatively, why this matter should not be dismissed for failure to prosecute.
9  DATED: October 13, 2011

                /s/ Gregory G. Hollows
         UNITED STATES MAGISTRATE JUDGE

GGH:009
terr1842.osc