IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICK TERRY,

    Plaintiff,                               No.  CIV S-10-1842 GGH P

    vs.

MATTHEW CATE, et al.,

    Defendants.                         ORDER

_____/

        In response to the Order, filed on November 4, 2011, a notice of suggestion of death, pursuant to Fed. R. Civ. P. 25(a)(1) was filed on December 1, 2011, by the state Office of the Attorney General.  Deputy Attorney General (DAG) Ellen Hung has submitted a declaration averring that she took the necessary steps to ascertain whether plaintiff had a successor or representative.  See Hung Declaration.  After obtaining the names of plaintiff's next of kin from the facility in which he was last housed, DAG Hung declares that she spoke with them, an aunt and uncle of plaintiff, Donald and Sue Terry, residing in Arkansas, and they informed her that plaintiff had no will, trust, successor or representative and that they themselves had no wish to pursue the litigation. Id., at ¶¶5-9.  Further, she was informed by the Terrys that they knew of no person or entity who could be substituted for plaintiff to pursue the instant action. Id., at ¶ 9.

        Attorney Hung told the Terrys she would forward a copy of the Notice of the Suggestion of Death filed in this court.  Hung Dec., ¶ 10.  She declares that she sent, along with a

copy of the notice filed, a letter by certified mail to plaintiff's aunt and uncle. Id., & Exhibit A (copy of letter to the Terrys, dated December 1, 2011). In the letter, counsel confirms the conversation as set forth by her declaration.

It appears to the undersigned that the Office of the Attorney General in the person of Ellen Hung has been diligent in attempting to ascertain a successor or legal representative for purposes of serving the suggestion of death notice in order to commence the ninety-day limit for filing a motion for substitution but has been unable to locate one. See Hung Dec., ¶ 11. The suggestion of death, in order to be valid and to invoke the ninety-day limit for filing of a motion for substitution, should, if possible, identify the successor or representative who may be substituted for decedent. Smith v. Planas,, 151 F.R.D. 547 (S.D. N.Y. 1993). It not appearing possible to identify a successor or representative, the court finds that the ninety-day limit began to run upon the filing of the Notice of Suggestion of Death.

Accordingly, IT IS ORDERED that:

1. Pursuant to Fed. R. Civ. P. 25(a)(1), a motion for substitution of a proper party must be made no later than ninety days after the death is suggested upon the record, or in this case, by no later than February 29, 2012; in the absence of any such motion, upon the expiration of the ninety-day period, the court will order this action dismissed,[1] and

2. The Clerk of the Court is directed to serve a copy of this order by U.S. mail upon Donald Terry and Sue Terry at 1403 S. 13th Street, Rogers, AR 72758.

3. In light of the Notice of Suggestion of the Death of the plaintiff, the Clerk of the Court is directed not to serve a copy of this order at plaintiff's last address of record.

DATED: December 9, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009 - terr1842.ord2

---

[1] Plaintiff consented to the jurisdiction of the undersigned on a consent form, dated as signed on July 20, 2010, and filed in this court on August 12, 2010 (Docket # 9).

2